FILED IN CHAMBERS
U.S.D.C ATLANTA

Date: Dec 13 2024

KEVIN P. WEIMER , Clerk

By: s/Sonya Lee Coggins
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

KIMBERLY JOHNSON

Criminal Information

No. 1:24-CR-0400

THE UNITED STATES ATTORNEY CHARGES THAT:

**CONSPIRACY**
(*18 U.S.C. § 371*)

1. Beginning on a date unknown, but by at least in or about August 2019, and continuing to a date unknown but until at least in or about January 2023, in the Northern District of Georgia and elsewhere, the defendant, KIMBERLY JOHNSON, and others known and unknown, did knowingly and willfully combine, conspire, confederate, agree and have a tacit understanding to commit certain offenses against the United States, namely to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and by the omission of material facts, well knowing and having reason to know that said pretenses were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material, and, in so doing, with the intent to defraud, caused interstate wire communications to be made, in furtherance of the scheme and artifice to defraud, in violation of 18 U.S.C. § 1343.

## Manner and Means: Wire Fraud

2. Defendant JOHNSON and others known and unknown sought to and did induce mortgage lenders to fund mortgages on residential properties by submitting materially false and fraudulent information in loan applications, and submitting fabricated documentation that falsely represented buyers' employment, income and assets.

3. As part of the conspiracy, defendant JOHNSON, in coordination with other conspirators, edited genuine documents and fabricated entirely new documents including bank statements, pay stubs and Forms W-2. These documents were submitted to potential mortgage lenders by, or on behalf of, the borrowers.

4. Defendant JOHNSON and her conspirators sought to and did enrich themselves by the receipt of commissions and/or fees associated with these mortgages being issued without due credit worthiness.

5. Through their acts, defendant JOHNSON and her conspirators caused funds to be transmitted by means of interstate wire. Defendant JOHNSON and her conspirators also transmitted and caused to be transmitted emails to one another by means of interstate wire in furtherance of the scheme.

## Overt Acts

6. In furtherance of the conspiracy and to achieve its objectives, defendant JOHNSON and her conspirators committed the following overt acts, among others, in the Northern District of Georgia:

a. On or about April 6, 2020, a conspirator emailed defendant JOHNSON instructions for fabricating pay stubs and bank statements for homebuyer D.M., for the purpose of causing the fabricated documents to be submitted in connection with a mortgage loan application. The email included the following instructions:

> **USE PAYSTUB THAT HAS NEVER BEEN USED. Please place direct deposit in the bank statement.**
>
> **NEED MONTHLY PAYSTUBS TO BE DIRECTLY DEPOSITED INTO BANK ACOUNT. BANK ACCOUNT IS ATTACHED.**
>
> **. . .**
> **MONTHLY INCOME: $7500**
> **YTD IS $30,000**

b. On or about the same day, defendant JOHNSON sent the requested fabricated documents to a different email address. The documents included a paystub purporting to show that D.M. had a monthly wage of $7,500 with year-to-date income of $30,000, and a bank statement purporting to show a deposit from the fictious employer.

c. On or about March 20, 2022, defendant JOHNSON sent a conspirator an email with the subject line "Checklist" that contained a list of instructions for fabricating earnings statements and bank statements including the instruction to make sure "Deposit ID Numbers are different and advance upward with dates" and "Make sure no insufficient funds (NFS)."

d. On or about May 19, 2022, defendant JOHNSON sent herself an email with the subject line "Document.pdf" that contained instructions for the amounts to be listed in fabricated biweekly pay stubs and annual W-2 tax statements for homebuyer J.N.C.

All in violation of Title 18, United States Code, Section 371.

## Forfeiture

7. Upon conviction of the offense alleged in the sole count of this Information, the defendant, KIMBERLY JOHNSON, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of the offense, including, but not limited to, the following:

   MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in this Information.

8. If, as a result of any act or omission of the defendant, any property subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

the United States of America intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

RYAN K. BUCHANAN
  *United States Attorney*

Alison B. Prout
  *Assistant United States Attorney*
Georgia Bar No. 141666

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181